# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA AMBRIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>　　　　　Defendant. | Case No. LA CV 16-5451 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Martha Ambriz ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying her application for disability benefits. Three issues are presented for decision here:

1. Whether the Administrative Law Judge ("ALJ") properly assessed the treating physician's opinion (*see* Joint Stipulation ("Joint Stip.") at 4-9, 14);

2. Whether new evidence submitted for the first time to the Appeals Council supports a remand (*id*. at 4, 14-15, 17);

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); [Dkt. No. 18 at 1 n.1].

1

3. Whether the ALJ properly relied on the vocational expert ("VE")'s job-numbers testimony (*see id.* at 4, 17-20, 24).

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

A. <u>The ALJ Provided Specific and Legitimate Reasons for Discounting The Treating Physician's Opinion</u>

Plaintiff contends that the ALJ improperly assessed the opinion of treating physician Dr. Linda Atkinson. (Joint Stip. at 4-9, 14.)

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ properly declined to assign controlling weight[2] to Dr. Atkinson's opinion[3] for three reasons.

First, the opinion was not supported by the clinical findings of the record as a whole. (AR at 216); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (even opinion of treating physician need not be accepted if inadequately supported by clinical findings); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (reviewing court must affirm Commissioner's decision if it is based on proper

---

[2] On January 18, 2017, the Commissioner issued new rules that made substantial changes to the way ALJs must evaluate medical opinion evidence going forward. Among other things, these changes eliminate the traditional scheme of deference and greater weight generally assigned to treating physicians, and instead require that all opinion evidence be evaluated on a more equal footing, with a focus on issues such as the supportability of those opinions and consistency with the overall record. *See* 82 Federal Register 5844-01, 2017 WL 168819, *5844-45, 5853, 5869-71, 5880-81. However, those particular changes apply only to claims filed on or after March 27, 2017, and thus do not affect Plaintiff's instant claim filed in 2013. *Id.*; (Administrative Record ("AR") at 208).

[3] Dr. Atkinson opined that Plaintiff had rheumatoid arthritis and that: (1) multiple medications were unsuccessful in controlling inflammation of her joints; (2) she was limited to lifting no more than five pounds; and (3) she would have difficulty performing any job that requires repetitive motion and fine manipulation of her hands. (AR at 724.)

2

legal standards and findings of fact are supported by substantial evidence in "record as a whole"). For example, (1) a nerve conduction study showed borderline carpal tunnel syndrome of the left extremity and no evidence of the syndrome in the right extremity; (2) Plaintiff was treated conservatively with wrist splints at night and cortisone injection therapy, on an as needed basis[4]; and (3) an examination showed grip strength of the hands of 5/5 bilaterally. (AR at 211, 215-16, 421-22, 537-38.)

Second, Dr. Atkinson's opinion conflicted with the State agency examining opinion of Dr. Azizollah Karamlou.[5] (AR at 27); *see Batson*, 359 F.3d at 1197 ("[I]t was permissible for the ALJ to give [treating physician opinions] minimal evidentiary weight, in light of . . . opinions and observations of other doctors."); *Kane v. Colvin*, 2015 WL 5317149, at *3 (E.D. Cal. Sept. 10, 2015) (ALJ properly rejected treating physician's opinion in part because it was contradicted by state agency physicians' less severe limitation findings).

Third, Plaintiff was able to perform activities of daily living that demonstrated she could perform gross handling with little problem, such as: (1) managing a checkbook; (2) using a computer; (3) typing on a keyboard; (4) doing laundry; (5) helping children with homework; (6) driving children to and from school and sporting events; and (7) preparing meals. (AR at 215-16, 238, 241-42, 246, 372, 375, 382-85); *see Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistency between physician's opinion and claimant's daily activities may justify rejection of

---

[4] Notably, Plaintiff does not refute the ALJ's and Commissioner's characterization of her treatment as conservative. (Joint Stip. at 14); *see Nettles v. Colvin*, 2014 WL 358398, at *15 (C.D. Cal. Jan. 31, 2014) (knee injection and pain medication is conservative treatment that undermines claim of disabling pain); *Hernandez v. Astrue*, 2012 WL 4466580, at *9 (N.D. Cal. Sept. 26, 2012) (wrist splints worn at night and use of non-steroidal anti-inflammatory drugs is conservative treatment).

[5] Although the ALJ discounted Dr. Karamlou's finding that Plaintiff could lift and carry 20 pounds, he found the following findings supported the residual functional capacity ("RFC") and conflicted with the treating opinion: Plaintiff: (1) was able to exert dominant right hand grip force of up to 20 pounds; and (2) retains full muscle and motor function with both hands. (AR at 216, 536, 538.)

opinion); *cf. Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (ALJ properly discounted subjective complaints based in part on claimant's ability to attend to needs of her two children, cook, and do laundry). The ALJ specifically highlighted the transferability of Plaintiff's independent ability to do laundry for the five people in her household, usually every day, for two hours straight: this "reasonably suggests that she retains some ability to perform lifting and carrying activities, repetitive motion, and can perform a degree of fine manipulation." (AR at 215-16.)

Thus, the ALJ properly assessed the treating physician's opinion.

B. <u>The ALJ's Decision Is Supported by Substantial Evidence Even In Light of New Evidence</u>

Next, Plaintiff contends that the ALJ's decision is not supported by substantial evidence in light of medical evidence presented for the first time to the Appeals Council. (Joint Stip. at 4, 14-15, 17.) Specifically, Plaintiff points to evidence that, in June 2014, Dr. Atkinson noted that Plaintiff had "[m]inimal wrist motion bilaterally," and that Plaintiff reported that she lost all mobility in her wrists and ankles, and was experiencing constant pain. (*Id*. at 15, citing AR at 730, 732, 754.)

As a rule, when the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence based on the record as a whole. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012).

The medical evidence does not change this Court's determination that the ALJ's decision is supported by substantial evidence for two reasons.

First, Dr. Atkinson's opinion in the new evidence remained the same — that Plaintiff was limited to lifting five pounds — a limitation that the ALJ had already considered and rejected in the decision. (AR at 216, 757); *see Decker v. Berryhill*, 856 F.3d 659, 665 (9th Cir. 2017) (district court not required to remand under *Brewes* because claimant failed to explain why new evidence submitted to Appeals Council meaningfully differed from previous evidence); *Bowlin v. Colvin*, 2016 WL 5339591, at *10 (D. Or. Aug. 18, 2016) (ALJ's decision supported by substantial evidence even in light of new evidence provided to Appeals Council because evidence did not show functional limitations greater than that already considered by ALJ); *Broadbent v. Comm'r Soc. Sec. Admin.*, 2013 WL 1900993, at *4 (D. Or. May 7, 2013) (new evidence did not necessitate reversal under *Brewes* because, while claimant reported different symptoms, the evidence did not establish any functional limitations that had not already been considered).

Second, Plaintiff's subjective complaints to her doctor in the new evidence echo complaints considered by the ALJ and found only partially credible in the decision, a determination Plaintiff does not challenge. (AR at 214 (ALJ summarizing testimony that Plaintiff "lost all rotation of her wrists and ankles" and finding it "not entirely credible"; 235 (testimony)); *see Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); *Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's credibility finding).

Accordingly, reviewing the record as a whole, the ALJ's decision is supported by substantial evidence.

    C.    <u>The ALJ Properly Relied on the VE's Job-Numbers Testimony</u>

Plaintiff contends that the ALJ improperly relied on the VE's testimony to determine that Plaintiff could perform unskilled sedentary work in the position of call-

out operator[6], with approximately 1,200 jobs available in California and 12,000 nationally. (*See* Joint Stip. at 17-20, 24.) Plaintiff suggests that the VE's testimony was in conflict with the Occupational Outlook Handbook ("OOH") and other related sources because, under Plaintiff's interpretation of those sources, the occupation no longer exists in unskilled form in the economy. (*Id.* at 20; Joint Stip. Ex.)

            1.    <u>Challenge to VE's Testimony Not Properly Preserved for Appeal</u>

Preliminarily, as a rule, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). This is particularly true in the case of statistical evidence, as "[t]he ALJ, rather than this Court, [is] in the optimal position to resolve the conflict between [a claimant's] new evidence and the statistical evidence provided by the VE." *Id.*

In the instant case, Plaintiff was represented by counsel at the administrative hearing and was allowed to pose questions to the VE, but she failed to challenge the VE's methodology for calculating the number of estimated jobs or offer any evidence supporting a different figure. (AR at 247-50); s*ee Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (claimant waived argument that ALJ's hypotheticals were inadequate where claimant's attorney had opportunity to pose hypotheticals but never mentioned allegedly erroneously omitted limitation); *Meanel*, 172 F.3d at 1115 (claimant's argument — that there was insufficient jobs in local area for a particular position — not properly preserved for appeal); *Marchbanks v. Colvin*, 2014 WL 5756932, at *1 (C.D. Cal. Nov. 4, 2014) (argument that OOH statistics conflicted with DOT and VE's testimony waived because claimant was represented by counsel and failed to raise issue before ALJ).

Accordingly, the issue was not properly preserved for appeal.

---

[6]     Dictionary of Occupational Titles ("DOT") code 237.367-014.

6

### 2. No Legal Error Identified

Finally, Plaintiff has failed to identify any legal error for two reasons.

First, even assuming the OOH established the job no longer existed in significant numbers, Plaintiff has failed to identify any authority that the VE or the ALJ were bound by that source, or that the ALJ was required to ask about any alleged conflict. *See Meza v. Berryhill*, 2017 WL 3298461, at *8 (C.D. Cal. Aug. 2, 2017) (claimant's argument that DOT and OOH should be on "equal footing" has been rejected by a number of district courts in Ninth Circuit); *Walker v. Berryhill*, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017) (rejecting argument that OOH precludes claimant from performing jobs VE testified he could do because claimant "cites no authority for the proposition that an ALJ must address conflicts between the testimony of the VE and the OOH"); *Simpson v. Colvin*, 2016 WL 3091487, at *5 (C.D. Cal. May 31, 2016) (finding no error where VE's job numbers were inconsistent with information from Bureau of Labor statistics in OOH because a VE may rely on any number of sources).

Second, Plaintiff has failed to show that the VE's testimony itself is not substantial evidence. (AR at 216-17, 247-50); *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (ALJ may rely on a VE's testimony as a reliable source of information about job numbers because a VE's "recognized expertise provides the necessary foundation for his or her testimony" and "no additional foundation is required"); *Howard*, 330 F. App'x at 130-31 (argument challenging foundation of VE's testimony regarding number of jobs available in national and regional economies foreclosed by *Bayliss*); *Moore v. Apfel*, 216 F.3d 864, 869-70 (9th Cir. 2000) (VE's testimony alone was substantial evidence supporting ALJ's finding that claimant was not disabled because substantial gainful work existed in national economy).

Accordingly, Plaintiff has failed to identify any legal error entitling her to relief.

//

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.[7]

DATED: September 06, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

---

[7] In light of this Memorandum Opinion and Order, and the concurrently filed Judgment, the request for a decision is granted. [Dkt. No. 25.]